# UNITED STATES DISTRICT COURTS
## INDIANAPOLIS DIVISION

Derek Boyd, Plaintiff,

CIVIL COMPLAINT

V.

No. 1:22-cv-00634-JRS-MPB

FILED
03/30/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Brandon Miller, Food Services director;

Tricia Pretorius; Jeremy Jones; Richard Gaskin;

Charlene Burkette - Ombudsman Bureau;

Robert Carter Jr, IDOC Commissioner; Defendants,

each defendant is sued individually and in their official capacity.

## I. JURISDICTION AND VENUE

1) This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation under Color of State Law, of Rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 USC Section 1331 and 1343 (a)(3). The Plaintiff's seek declaratory relief pursuant to 28 USC Section 2201 and 2202. At all times mentioned in Complaint all Defendants acted under color of State Law.

2) The Southern District of Indiana, Indianapolis Division, is an appropriate venue under 28 USC Section 1391 (b)(2) because it is where events giving rise to this claim occurred.

## II. PLAINTIFF

3) Plaintiff Derek Boyd, is and was at all times herein a Prisoner at Plainfield Correctional Facility.

## III. DEFENDANTS

4) Brandon Miller is Aramark Food Service Director at Facility.

5) Tricia Pretorius, is the Facility Administrator

6) Jeremy Jones is Facility Grievance Specialist.

7) Charlene Burkette is IDOC Ombudsman Bureau Supervisor.

8) Robert Carter Jr., is the IDOC Commissioner.

9) Richard Gaskin is Facility Internal Investigation Supervisor.

# IV. FACTS

10) The Plainfield Correctional Facility placed the entire Facility on "Quarantine", as Omicron Covid-19 Strain was widespread throughout the Prison from 2022 in early January until January 28. Basically all Unit's were on Quarantine January 14, 2022 to January 28, 2022. No medical personel came to these Units it was IYC trying to look appropriately managed with Covid-19.

11) During this Quarantine, the Facility Administrator Tricia Pretorius and Aramark Food Services Director Brandon Miller, decided to modify AP 04-01-301 Food Services and have 2 meals served at one time to take "to go", back to consume at the Units. This would fall under 04-01-301 Section XIX "Special Situations" discussed on pg ID 10 and 11.

It states:

"In emergency circumstances, as declared by the local Warden, the Contractor shall provide meals pursuant to the administrator approved menu's associated in the contract. The Contractor shall have an emergency/lockdown meal policy and procedure in place at each Facility."

Defendant's have completely abused their power at IYC.

12) They did start serving meals in Dining Hall again 2 days in early February 2022. About 2-5-2022, Facility then determined they would switch permanently to the "Emergency" serving lunch/dinner to go at one time, to be taken back to Units and consumed where it's not properly Sanitized.

13) Aramark is an independent contractor that provides food to IDOC. Under the terms of the Contract, Aramark is authorized to:

Operate and manage food services for Correctional facilities under the jurisdiction of [IDOC]. These duties include purchasing food supplies and small wares, on-site storage of food supplies; delivery of food supplies; preparation of food; servicing food to offenders, students and staff; cleaning and maintaining a sanitary food service area and designated area for storage of food and supplies.

Aramark also has the responsibility for cleaning and sanitizing the food service area and sanitizing dining area, food storage area, and "related areas in the food service realm."

Aramark is not authorized to issue cleaning supplies to prisoners, nor is it authorized to make physical changes to the Facility, such as the installation of washing stations or equipment that would ensure access to hot water.

It's clear this is a cost-cutting scheme that knowingly risks the Health and Safety of the Prison population. In a culpable state of mind, the Defendants have conspired and chose to save money denying humane conditions of confinement ignoring obvious risks to the Prisoners well being and mental health. They disregard that substantial risk of serious harm by making such incompetent actions permanent, failing to take any other reasonable measures to abate it. Defendants have authority and contract obligations to maintain sanitation in the dining halls and food service areas of the Facility. It can't be followed in this manner.

The Facility claimed staff shortage factored into making this change permanent. Allegedly IYC and Aramark determined eliminating serving meals in a "Sanitary" enviroment saved time and cured the staffing issues. Consolidating the 3 shifts of Prison workers also allowed weeding out the less productive work staff. Now only 2 shifts work, there is no PM Kitchen and Aramark staff leave by 2 PM instead of the normal 7 P.M. schedual.

There is now up to 9 IYC staff standing in the North Side dining hall watching the open top unsealed under sized portion's of food be taken to Unit's to consume in beds. These are not staff being trained, it's lieutenants, Sergeants and in normal operation's only 3 staff per side are needed to operate the dining hall's. It's clear there is adequate staff at IYC.

On pg 1 of policy AP 04-01-301, it states "Departments food services program is to promote the physical and mental well being of offenders," and "providing and serving a variety of food items in an attractive and palatable manner to enhance the morale of confined Offenders." Obviously saving money is more important and breach of Contract duties. It's causing extreme and officially sanctioned psychological harm and the unsanitary conditions in Units are causing breathing problems and extreme conditions restrictive and harsh as the Facility and Aramark figure out ways to manipulate Covid-19 emergency policies that should have ended in January 2022. The Grievance Process being abused has been sent to Tricia Pretorius, Ombudsman bureau and being ignored is literally compounding and aggravating the problems and causing permanent damage.

14) Theres many factors to consider when making such decision concerning the Health and Safety of inmates and conditions of confinement. The fact it's easier for staff and Aramark to make this permanent is the main reason it was implemented. Taking advantage of a Nation wide pandemic now coming toward an endemic. It's believed termination of "Facility Emergency" took place then the "carry out" was made a policy at IYC. See 04-01-301 XIX pg 10 and 11.

15) Now the Units most prisoner's live it's known there is black mold. The chemicals supplied are safe for drinking. It's not intended to consume "Hot" meals and a sack lunch in. It's not following 04-01-301 Section XXIX. SANITATION guidelines. Aramark cant provide the Industrial Sanitizer requiring 3 ounces per 5 gallon to the Unit. It States, "All Food service areas shall be maintained in such a manner as to ensure acceptable Sanitation standards and to meet the State Department of Health's rules and regulations." See pg 20 04-01-301 Section XXIX.

16) Section XXX. Health Protection, is not being provided with the practices and policies Brandon Miller and Tricia Pretorius have made permanent. Pg 21, Sec "J", states, "Food and beverages shall be consumed only in designated dining areas." That's not in bedding area.

That's not in the Unit's. It's risking Health and forcing Unsanitary conditions causing Intentional Infliction of Emotional Distress. Risking permanent damages. The Open dorm Unit's do not have seating capacity to serve meals in. Only 50 chair's are Stationary. 4 other tables allow 16 more seats in Unit "at a table". Leaving up to 48 Prisoner's to eat in the bed areas in bed or a top bunk dropping food and pubic hair and germs into the food. It's very humiliating and degrading being discriminated forced to eat in bed.

It's humiliating being denied help or due process.

17) The Grievance Specialist has continually "Returned" the vast majority of everyone's Grievance filing. He's indicated chemicals brought to Unit safe to drink satisfy Aramark's Obligation to provide a Sanitary Condition of Confinement for food services. See Exhibit A. These "Returned" Grievances don't get filed in the IDOC system to allow Ombudsman bureau inspect the Complaint's. She's been told it's risking the Health and Safety and Health care provided to Prisoners at IYC. See Exhibit A/B. The IDOC Commissioner is going to be added for not inspecting or intervening in the Facility Administration, and Ombudsman.

18) It's also being served on unsealed "open" tray's not providing the appropriate portions. It started with "Clamshell" tray's that were closer to appropriate portion. Officer Kushenberry informed Plaintiff those "Cost too Much", verifying despite the obvious fact they are serving under sized food portions, in open tray's, supposed to be Hot meal consumed in a clean Aramark Dining Hall, it's cost effective and easier to risk Prisoner's Health to make money. The open "Hot" tray's have to be carried back 1/8th mile away and are not hot. Leaving 112 Prisoner's sharing 1 microwave.

19) It's also being used in a discriminative manner. It's almost using the use of food as a disciplinary type measure. They have created "School Chow". The Prisoner's involved in Program are allowed to go sit and eat in Dining Hall Monday through Friday before the unproductive other Prisoner's take their food to eat in their Unit's or in their bed's if the limited capacity seating is taken. This is prejudice allowing similarly situated Prisoner's Sanitation and privileges and deny other's a basic human need. It violates policy statement 04-01-301 using food service as discipline. It's forcing food consumption around drug smoke in Units also.

20) The Hot water Supply constantly is messing up. It's known The Unit's do not have access to hot water 24/7 in C-Unit. It is still messing up and has been going in and out since the Summer of 2021. Even when the Facility get's the Steam line repaired and the water is useable, it is not hot for Sanitation and appropriate cleaning Aramark has contracted for dining areas. The only hot water source is also in the lavatory's, unsanitary sources to "Sanitize" the feeding area/bed area with.

21) The IDOC Ombudsman Bureau has been contacted about the Facility not numbering the Grievances and has been requested to contact the IDOC Commissioner Robert Carter Jr to notify him the I.C. 4-13-1.2-5 is being violated concerning multiple issue's regarding the conditions of confinement risking the Health and Safety of Prisoner's. Charlene Burkette continues responding to file Grievances despite knowing Prisoners are suffering and being denied due process

22) Not providing the Contracted Service's Aramark's required to do is also in a way forcing Prisoner's to do their cleaning Services, trash services and obligation's and is similar to fraud or embezzling, forcing labor of Prisoner's. Staff has been in "drive through" dining hall's 8-9 deep for weeks.

There's multiple reasons this violates Civil Rights.

23) The bug infestation has gotten out of control in the living area and bedding area of Unit's. The State food isn't like eating Commissary in these Units. A large portion is dropped unable to be Sanitized due to lack of appropriate tools Aramark Kitchen's are to Supply in the Food Service area. These are very deplorable condition's made Known. The Black mold in the bathroom areas, improper air circulation, now further infested with unsanitary food dining and bugs, is causing breathing issues.

24) The Internal Investigation's Supervisor Richard Gaskin is being held liable for Knowing these depraved living conditions exist and not advising other solutions or insisting IDOC Policy be followed. While not Tricia Pretorius boss, he's legal authority that's failing to intervene when it should be apparent Civil Right's are being violated, State Law's and IDOC Policies. It appears he's involved in other operation's at Facility.

25) The Facility continues coming in and painting over black mold. They are pressure washing the black mold while the prisoner's are in Unit's. Stirring up Spores. There's many problem's here at Facility Grieved, Returned and ignored. The Ombudsman Bureau is not responding or acting in Good-Faith.

# V. EXHAUSTION OF LEGAL REMEDIES

26) The Grievance procedure has been attempted and not been filed into IDOC system. The Ombudsman Bureau cant locate Grievances concerning the conditions of Confinement. The Process is unavailable and is therefore exhausted as far as possible. See Exhibits A and B.

27) The Final IDOC Administrator concerning Complaints has been reported to at Ombudsman Bureau. She has been requested to forward the many Complaints to IDOC Commissioner. A Tort claims been filed also.

# VI. LEGAL CLAIMS

28) Extreme and Officially sanctioned psychological harm is occurring. There's 8th Amendment Conditions of confinement, Claims concerning Sanitation, deliberate indifference, I.I.E.D., failure to intervene or other claims Violating 8th Amendment.

29) Monell Claims on Tricia Pretorius, Robert Carter, Brandon, Charlene Burkette, Internal Investigations, Jeremy Jones

30) 14th Amendment Equal Rights/Equal Protection for certain Prisoners eating in chow hall, Discriminating Prisoners. It's Violating due process while manipulating IDOC Policies.

# VII. PRAYER FOR RELIEF

WHEREFORE, all Plaintiff respectfully pray the Court enter judgment:

31) Granting Plaintiff a declaration the acts and Omissions described herein violate his rights under the Constitution and laws of the United States and laws and Constitution of this State of Indiana.

32) Granting Plaintiff $5,000,000.00 Compensatory damages against all defendants both jointly and severally.

33) Granting Plaintiff Punitive damages.

34) Give a Jury Trial on all issues triable by Jury

35) Plaintiff seeks recovery of all costs that are associated with the filing of this Lawsuit.

36) Any other relief that is just proper equitable.

Executed on 3-30-2022 at Plainfield Correctional Facility in Plainfield Indiana 46168.

/s/ Derek Lee Boyd

## VERIFICATION

I, Derek L. Boyd, *pro-se*, herein affirm under the penalties for perjury that the above and foregoing representations are true and correct. As to information presented on belief and Circumstantial evidence, I believe it to be true.

Derek Lee Boyd
Derek Lee Boyd
IYC - Facility
727 MOON Road
Plainfield, Indiana 46168
Affiant

## CERTIFICATE OF SERVICE

I hereby certify the foregoing legal documents were mailed from Plainfield Correctional Facility on or about the day of filing to all involved parties. The documents were mailed by U.S.P.S., or E-Filed to all parties.

Sent to:

Date: 3-30-2022