UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00634-JRS-MPB |
| | ) | |
| BRANDON MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING EMERGENCY MOTION FOR PRELIMINARY
INJUNCTION AND MOTION TO CERTIFY CLASS**

Derek Boyd filed this prisoner civil rights action on March 30, 2022. Mr. Boyd's amended complaint asserts that he is confined under inhumane conditions and includes allegations regarding food service, mold, and the cleanliness of his housing unit. Dkt. 11. Mr. Boyd has not yet paid the filing fee or obtained leave to proceed *in forma pauperis*, and the Court has not yet screened his complaint as it must under 28 U.S.C. § 1915A.

**I. Emergency Motion for Preliminary Injunction**

Mr. Boyd's emergency motion for preliminary injunction, dkt. 13, asserts the following, wide-ranging allegations:

- Staff members have not cleaned up blood from a stabbing that occurred on April 7, 2022.

- An unspecified holiday meal was served in the day room, and inmates were forced to eat in a crowded space and in proximity to blood and sewage.

- On April 12, staff members turned off the water for several hours without warning.

Mr. Boyd asks the Court to order the defendants to:

- preserve video from the day of the stabbing;

- stop serving hot meals in the housing unit in unsealed containers;
- obtain a mold inspection from the State Board of Health; and
- obtain a "wellness check" for all inmates who were in the unit from April 7 through 12.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). In at least two respects, Mr. Boyd's motion for preliminary injunction is premature.

First, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Second, "[t]o obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

Mr. Boyd has asserted a broad range of claims against a diverse group of defendants in his amended complaint. It is not certain that every claim he asserts will proceed once he resolves the filing fee and the Court screens the amended complaint—much less that they will all proceed in the same action. Some of the relief Mr. Boyd requests in his motion—such as preserving video or ordering wellness checks related to an isolated incident—are not clearly related to the claims

alleged in the amended complaint. Regardless, Mr. Boyd has not demonstrated that he is likely to succeed on the merits of whatever claims proceed or that he will suffer irreparable harm without a preliminary injunction. To be sure, Mr. Boyd describes filthy conditions in his motion, but he provides no evidence (only his unsupported allegations that the conditions have likely exposed inmates to hepatitis and staph infections) indicating that he will be permanently harmed if this lawsuit is permitted to proceed at its standard pace.

Accordingly, Mr. Boyd's emergency motion for preliminary injunction, dkt. [13], is **denied**.

### II. Motion to Certify Class

Mr. Boyd's motion to certify a class and proceed with a class action under Federal Rule of Civil Procedure 23, dkt. [14], is **denied**.

"One or more members of a class may sue . . . as representative parties on behalf of all members" if "the class is so numerous that joinder of all members is impracticable" and "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). But "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification that a pro se litigant is not an adequate class representative." *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (emphasis in original). Mr. Boyd has not demonstrated that he would be able to fairly and adequately protect the interests of all class members given that he is a pro se prisoner, he has not yet resolved the filing fee, and the Court has not yet screened the complaint.

### III. Conclusion

Mr. Boyd's emergency motion for preliminary injunction, dkt. [13], is **denied**. His motion to certify a class and proceed with a class action under Federal Rule of Civil Procedure 23,

dkt. [14], is **denied**. He continues to have through May 20, 2022, to resolve the filing fee as previously ordered.

    **IT IS SO ORDERED.**

Date: 05/02/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEREK BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only